Argued and submitted June 29, affirmed October 21, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# ALBERT WAYNE CHINN,
*Appellant.*

(C88-06-33770; CA A70557)

840 P2d 92

Steven V. Humber, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Warren, P. J., dissenting.

## EDMONDS, J.

Defendant appeals his conviction for theft in the first degree. ORS 164.055. He argues[1] that his prosecution is time-barred under ORS 131.135 because of an unreasonable delay in executing the warrant for his arrest and that the court erred when it denied his motion to dismiss the indictment on that basis. We affirm.

The indictment alleges a theft occurring on or between March 9, 1986, and December 26, 1987. The victim was the Oregon Employment Division (Division). An arrest warrant was issued on June 3, 1988, the same day that the indictment was returned. The warrant was served on defendant on February 22, 1991. In response to defendant's motion to dismiss the indictment, the state offered testimony that the reason for the delay was that the Portland Police Bureau did not have defendant's correct address. In July, 1988, the police attempted to serve the arrest warrant at the address listed in their investigation report, but they found the residence vacant. The state stipulated that Division had defendant's correct address throughout the time that the warrant was pending. Defendant presented evidence that the Department of Motor Vehicles and the Department of Revenue also had the correct address for him during the pertinent time.

The trial court found, in part:

"That there is no evidence that during this period of time [defendant] was outside the state of Oregon or otherwise secreted himself within the state of Oregon; that pursuant to stipulation, [defendant], while living at the North Lombard address, which would put this apparently sometime between 1-10-88 and 4-4-89, reported to the Portland Police Bureau a burglary; that the Portland Police Bureau took a normal burglary report; including his name and the facts of the burglary; that at that time no warrant was served on him and he was not told of any."

A prosecution for a felony other than murder or manslaughter must be commenced within three years after its commission. ORS 131.125(5)(a). A prosecution is commenced when a warrant is issued, provided that the warrant

---

[1] Defendant does not base his motion to dismiss on Article I, section 10, of the Oregon Constitution or his Sixth Amendment right to a speedy trial.

is executed without "unreasonable delay." ORS 131.135.[2] We examine the circumstances that may explain the delay between the issuance of the indictment and the execution of the warrant to determine whether the delay is "unreasonable." *State v. Barnes*, 66 Or App 896, 899, 676 P2d 344 (1984).

Even though defendant's motion is based solely on ORS 131.135, the tests to be applied to determine whether the delay is unreasonable are the same as under Article I, section 10, analysis. *See State v. Jackson*, 228 Or 371, 377, 365 P2d 294 (1961). The factors to be considered are the length of the delay, the reasons for the delay and the resulting prejudice, if any, to the defendant. *State v. Mende*, 304 Or 18, 21, 741 P2d 496 (1987). In *Mende*, the court said:

> "[U]nder the Oregon Constitution, the length of the delay serves as a triggering mechanism. If the time taken to bring an accused to trial is substantially greater than the average, inquiry into the remaining two factors is triggered." 304 Or at 23.

Here, the delay of two years and eight months triggers an inquiry into the other factors.

Regarding the reason for the delay, the police made an attempt to serve the warrant at the address listed in their records within a reasonable time after the issuance of the warrant. There is no evidence that the delay was intentional or was intended to injure defendant or to gain an unfair advantage. *See State v. Dykast*, 300 Or 368, 712 P2d 79 (1985). Arguably, the police were negligent in not contacting state agencies to determine if they had another address for defendant.

The court noted in *Mende* that, in some cases, the length of the delay might be "presumptively prejudicial" and render proof of actual prejudice unnecessary. 304 Or at 24. However, to be presumptively prejudicial, the delay must be so "manifestly excessive and unreasonable" that it "shocks the imagination and conscience." 304 Or at 25. Defendant

---

[2] ORS 131.135 provides:

"A prosecution is commenced when a warrant or other process is issued, provided that the warrant or other process is executed without unreasonable delay."

argues that this case is controlled by our holding in *State v. Barnes, supra*, in which we said that the delay was unreasonable as a matter of law, even though there was no showing of actual prejudice.

■       In *Barnes*, the arrest warrant was served two years and nine months after it was issued. The state was aware of the defendant's address but took no action to serve it sooner and offered no reason for the delay. We said:

> "[T]he statutory time limitations contained in ORS 131.125 are specifically designed to prevent this type of protracted haphazard prosecution. * * * Under these circumstances, we find that the delay was unreasonable as a matter of law. The excuse for the delay [two letters were sent to defendant's address about the warrant] was no excuse at all." 66 Or App at 900.

Here, as noted before, the police, relying on the address in their records, did make an unsuccessful attempt to serve the warrant within a reasonable time after its issuance. In the light of that ameliorating fact, we cannot say that the delay is so "manifestly excessive and unreasonable" that it "shocks the conscience." We hold that the delay is not presumptively prejudicial.[3]

■       In the absence of presumptive prejudice, we consider three types of prejudice: oppressive pretrial incarceration, anxiety and concern of the accused and impairment of the ability to defend. *State v. Mende, supra*, 304 Or at 22. Here, the record indicates that defendant was not incarcerated. He does not contend that he suffered any anxiety or that he was even aware that he had been indicted. Finally, he has not shown that his ability to defend was impaired because of the delay. The trial court found that defendant had made admissions that his unemployment benefits had been over paid, and that the evidence was primarily documentary in nature. *See State v. Pirouzkar*, 98 Or App 741, 780 P2d 802 (1989), *rev den* 309 Or 333 (1990).

The above circumstances are not to be added to or subtracted from each other, but the relevance of each is to be

---

[3] Regarding presumptively prejudicial delay under the Sixth Amendment, see *Doggett v. United States*, ___ US ___, 112 S Ct 2686, 120 L Ed 2d 520 (1992), in which the defendant was arrested 8-1/2 years after his indictment was returned.

examined in giving effect to the constitutional guarantee under Article I, section 10. Whether there has been compliance does not depend on any one factor. *State v. Mende, supra,* 304 Or at 22. Likewise, to give effect to the mandate of ORS 131.135 that a warrant be executed without "unreasonable delay," we consider all of the circumstances mentioned above. We conclude that the delay was not unreasonable and that the trial court did not err in denying defendant's motion to dismiss. *See also State v. Emery,* 115 Or App 655, 840 P2d 95 (1992).

Affirmed.

**WARREN, P. J.,** dissenting.

For the reasons stated in my dissent in *State v. Emery,* 115 Or App 655, 840 P2d 95 (1992), I believe that the majority erroneously concludes that, because he was not prejudiced by the state's delay in executing the warrant, defendant was not entitled to a dismissal under ORS 131.135. Moreover, I can discern no principled distinction between the 2-year and 7-month delay between the first time that the state attempted to serve the warrant and when defendant was actually served in this case and the 2-year and 7-month delay that we found was unreasonable under ORS 131.135 in *State v. Barnes,* 66 Or App 896, 899, 676 P2d 344 (1984). Consequently, I dissent.