Argued and submitted July 6, affirmed October 21, 1992, appellant's petition for reconsideration allowed by opinion January 6, 1993
See 117 Or App 565, 842 P2d 467 (1993)

# STATE OF OREGON,
*Respondent,*

*v.*

# GORDON TUBANDT EMERY,
*Appellant.*

## (L90-0163CR; CA A69343)

840 P2d 95

Michael W. Seidel, Bend, argued the cause and filed the brief for appellant.

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Meg K. Kieran, Assistant Attorney General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Warren, P. J., dissenting.

## EDMONDS, J.

Defendant appeals his conviction for illegal possession of a game mammal, assigning as error the trial court's denial of his motion to dismiss because of the delay in bringing him to trial. We affirm.

On October 31, 1988, defendant was cited for illegally possessing a game mammal during the closed season. On September 7, 1990, he moved to dismiss the complaint, arguing that he had been denied his right to a speedy trial under ORS 135.747 and Article I, section 10, of the Oregon Constitution. After the court denied the motion, a jury convicted defendant.

ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

In *State v. Jackson*, 228 Or 371, 377, 365 P2d 294 (1961), the court held that *former* ORS 134.120,[1] the predecessor of ORS 135.747, has

"substantially the same meaning and, therefore, that the tests heretofore announced by this court which are to be applied in determining whether an accused has been deprived of his right to a speedy trial under the constitution are likewise the tests under the statute."

In *State v. Mende*, 304 Or 18, 22, 741 P2d 496 (1987), the court explained the factors to be considered in determining whether an accused has been deprived of his right to a speedy trial under Article I, section 10. They are the length of delay, the reasons for the delay and the resulting prejudice, if any, to the defendant. The length of delay serves as a triggering device if the delay is substantially greater than the average time to bring an accused to trial. Here, the 24-month

---

[1] *Former* ORS 134.120 read:

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial within a reasonable period of time, the court shall order the indictment to be dismissed."

*Former* ORS 134.120 was renumbered ORS 135.747 in 1973 and amended by Oregon Laws 1973, chapter 836, section 204.

delay triggers further inquiry. The record discloses that the reasons for the delay include on-going plea negotiations from November, 1988, to the spring of 1990, a conflict of interest requiring a transfer of the case from one justice court to another, and a transfer of the case from justice court to district court when the justice court in Lake County was discontinued.

■ ■ Defendant makes no claim of actual prejudice.[2] Rather, he argues, "ORS 135.747 does not require that a defendant be prejudiced by an unreasonable delay, only that he not have consented to it." We disagree. One kind of prejudice is "constitutional prejudice," such as prejudice to the accused's ability to defend or when dismissal is invoked against a purposeful delay by the government. *See Haynes v. Burks*, 290 Or 75, 82, 619 P2d 632 (1980). A second kind of prejudice is "nonconstitutional" prejudice, which includes "pretrial incarceration" or "the anxiety and concern of the accused." *State v. Mende, supra*, 304 Or at 22.[3]

Here, the delay is not of such length that it is presumptively prejudicial so as to render proof of actual prejudice unnecessary; neither was the delay wilfully caused by the state for an improper purpose. Because defendant does not argue that he has suffered any prejudice from pretrial incarceration or anxiety and concern, we hold that, under the

---

[2] In *State v. Ivory*, 278 Or 499, 507, 564 P2d 1039 (1978), the court identified the kinds of actual prejudice that may result from pretrial delay for purposes of analysis under Article I, section 10: (1) pretrial incarceration, (2) the anxiety and concern of the accused and (3) impairment of the defense.

[3] The dissent cites *State v. Dykast*, 300 Or 368, 712 P2d 79 (1985), and *Haynes v. Burks*, 290 Or 75, 619 P2d 632 (1980), in support of its position. In *Dykast*, the defendant did not invoke the provisions of ORS 135.747, and the court said, "Accordingly, we make no determination whether a violation of ORS 135.747 has been established." 300 Or at 374. (Footnote omitted.) In *Haynes*, the plaintiff brought a habeas corpus proceeding, because she had been held in jail awaiting trial for two and one-half years. The court noted that dismissal is the only possible remedy when the prejudice resulting from the delay is to the accused's ability to defend. However, it held that that remedy was unwarranted, because the evidence failed to establish that the delay had adversely affected the plaintiff's ability to defend the criminal charge. The opinion in *Haynes* says that, "short of the kind of prejudice * * * [that] would require dismissal," remedies include dismissal without prejudice under ORS 135.747. From that language, the dissent concludes that a showing of prejudice is not a requirement for dismissal under the statute. That conclusion is wrong. The "kind of prejudice" referred to in *Haynes* is constitutional prejudice. *Haynes* does not negate the requirement of nonconstitutional prejudice under ORS 135.747. *See State v. Mende, supra*, 304 Or at 22.

circumstances, ORS 135.747 and Article I, section 10, were not violated. *See also State v. Chinn*, 115 Or App 662, 840 P2d 92 (1992).

Defendant's other assignment does not require discussion.

Affirmed.

**WARREN, P. J.,** dissenting.

The majority concludes that, even though defendant's motion is based solely on ORS 131.747, the test to be applied to determine whether that statute was violated is the same as the test for a speedy trial violation under Article I, section 10, of the Oregon Constitution. It then concludes that defendant was not entitled to dismissal under ORS 131.747, because he failed to prove prejudicial delay. Because, under ORS 131.747, a defendant need not prove prejudice to obtain a dismissal without prejudice, I dissent.

ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

Under the express language of that statute, the sole requirement for dismissal is that a defendant was not "brought to trial within a reasonable period of time." The statute does not mention or require that a defendant show prejudice. Nevertheless, by incorporating a prejudice standard, the majority ignores the directive not to insert language into a statute, ORS 174.010. It justifies that action with a tortured misreading of Oregon Supreme Court precedents.

The majority primarily relies on *State v. Jackson*, 228 Or 371, 365 P2d 294 (1961), where the court said that the test for determining whether a defendant was deprived of a speedy trial under that statute and the test under the speedy trial clause of Article I, section 10, are the same:

"It follows that the statute and the constitutional provision have substantially the same meaning and, therefore, that the tests heretofore announced by this court which are to be applied in determining whether an accused has been

deprived of his right to a speedy trial under the constitution are likewise the tests under the statute." 228 Or at 377.

It fails to recognize, however, that the court subsequently abandoned that assertion.

In *Haynes v. Burks*, 290 Or 75, 619 P2d 632 (1980), the plaintiff claimed that she was deprived of her statutory and constitutional rights to a speedy trial because of her two and one-half years of pretrial incarceration. In analyzing her claim, the court first discussed the relationship between the statutory and constitutional standards governing speedy trial:

"Short of the kind of prejudice, extreme delay, or purposeful prosecution obstruction for which the Supreme Court would require dismissal [with prejudice], there is no reason why pretrial remedies should not include * * * dismissal without prejudice, as provided in ORS 135.745 and 135.747.

"* * * * *

"These standards and remedies apply in advance of a constitutional issue. If they did not apply to a delay short of a constitutional violation requiring final dismissal, the statutory provisions for a dismissal subject to renewal of the prosecution would be meaningless." 290 Or at 83.

The court then discussed how those standards are applied:

"[W]e examine, first, whether there has been unreasonable delay, and if so, whether by virtue of prejudice to the defense or deliberate obstruction by the state the remedy must be a final dismissal of the prosecution." 290 Or at 86.

Applying those rules, the court first analyzed and determined that the two and one-half year delay was unreasonable and required dismissal *without prejudice*. 290 Or at 88. The court then proceeded to analyze and determine whether the plaintiff had been prejudiced. Because it concluded that she had not been prejudiced, it held that she was not entitled to dismissal *with prejudice*. 290 Or at 90.

The court has *never* abandoned the analysis it adopted in *Burks*. To the contrary, in *State v. Dykast*, 300 Or 368, 374, 712 P2d 79 (1985), the court stated that, when a defendant invokes only a constitutional right to a speedy trial, it makes "no determination whether a violation of ORS

135.747 has been established."[1] If the statutory and constitutional standards were the same, as the majority contends, the court would have had no reason to make that disclaimer.

Under *Dykast* and *Burks*, the statutory speedy trial standards *and* remedies are distinct from the constitutional standards and remedies. Under the statute, the standard is unreasonable delay, and the remedy is dismissal without prejudice. If the delay is unreasonable *and* prejudicial, the delay assumes constitutional proportions and the defendant is entitled to dismissal with prejudice.

The primary burden of bringing accuseds to trial within reasonable periods of time is on courts and prosecutors, *i.e.*, the state. *State v. Dykast, supra*, 300 Or at 373 n 4; *accord*: *State v. Person*, 113 Or App 40, 43, 831 P2d 700 (1992). A reasonable period of time is "such length of time as may reasonably be allowed or required having regard to attending circumstances." *State v. Jackson, supra*, 228 Or at 377; *see State v. Barnes*, 66 Or App 896, 899, 676 P2d 344 (1984). By postponing the prosecution of this case for over two years, the state did not bring defendant to trial within a reasonable time. The trial court should have granted defendant's motion to dismiss.

I dissent.

---

[1] In the only other post-*Burks* case cited by the majority, *State v. Mende*, 304 Or 18, 741 P2d 496 (1987), the court did not address the statutory speedy trial standards or remedies, because the defendant did not assert a statutory violation. The relevant statutes are not even cited in that opinion. Consequently, the majority's reliance on that case to support its proposition that ORS 131.747 requires prejudice is misplaced.