ORTEGA, P.J.
*639 Defendant appeals a judgment, challenging his conviction for driving under the influence of intoxicants (DUII), ORS 813.010(4).[1] He assigns error to the trial court's denial of his motion to dismiss. Specifically, defendant contends that his right to a speedy trial under Article I, section 10, of the Oregon Constitution, was violated because the trial delay was not only substantially longer than average, but was unreasonable and prejudicial in that it created anxiety in excess of what is typical in a criminal prosecution and impaired his defense. However, we need not decide the reasonableness of the delays at issue, because, even if we assume that the delays were unreasonable and attributable to the state, we conclude that defendant failed to prove actual prejudice. Accordingly, we affirm.
*374 We review the denial of a motion to dismiss on speedy trial grounds for legal error and are bound by the trial court's factual findings. State v. Johnson , 342 Or. 596, 608, 157 P.3d 198 (2007), cert. den. , 552 U.S. 1113, 128 S.Ct. 906, 169 L.Ed.2d 753 (2008). Here, the facts are largely procedural and undisputed.
On August 23, 2013, the state filed an information charging defendant with a misdemeanor DUII after he failed field sobriety tests; he was arraigned five days later on August 28. From the time of the arraignment to the pretrial hearing on April 9, 2014, the parties' scheduling conflicts led to delays in setting the case for trial.[2] At that hearing, the court offered trial dates the following month, but defendant was not available then, so the court set the trial for June. On May 20, defendant alerted the court that his expert witness was not available in June and asked that the trial be continued until July 1 and 2. The court agreed. On June 24, defendant filed a motion to continue the July 1 trial out of concern that the trial would not begin that day given the rest of the court's docket; defendant did not want his expert witness's private practice to be affected if he was not needed on those days. The court granted defendant's motion, and *640 the court offered reset dates in June, August, September, and October, ultimately setting the case for October 14.
The October 14 trial ended in a hung jury, and the court gave the state two weeks, but "no more than that," to decide if it wanted to pursue another trial. However, the court did not intend to dismiss the case if the state did not make that decision within that time period. After consulting with one of its experts, the state decided to retry the case and, on November 5, it emailed the court to request a date for another trial; the court instructed the state to "file a formal request to have this matter placed back on the docket," which the state did on November 14. On November 18, the court granted the state's motion for a new trial and, on December 4, the court offered to reset the trial to a date in January, February, March, or April 2015. The court also informed the parties that the dates were "being offered to multiple attorneys on different cases" and that it was scheduling on a "first come first serve" basis. The state was available on any of the offered dates, but defendant was only available for one of the dates in February and any date in April. The court set the trial for April 7, 2015.
About a month before trial was to begin, defendant filed a motion to dismiss on speedy trial grounds, arguing that the court's lack of resources to accommodate his trial as well as the state's delay in resetting the case for trial violated his rights under Article I, section 10. Defendant argued that all delays after April 9, 2014, should be attributed to the state.
The court denied defendant's motion, indicating that defendant's right to a speedy trial was satisfied after the first trial and that defendant should not have waited to raise his motion until the beginning of the second trial. The court also noted that defendant was offered dates before April 2015 for the second trial and that problems with the court's docket were not attributable to the state. At the conclusion of the second trial, defendant was found guilty of DUII.
Article I, section 10, requires the state to bring a defendant to trial "without delay." State v. Harberts , 331 Or. 72, 88, 11 P.3d 641 (2000). "Determining whether the *641 state did so is a fact-specific inquiry that requires the court to examine the circumstances of each particular case." Id. When a defendant brings a speedy trial claim, we consider the length of delay, the reasons for the delay, and the prejudice to the defendant. State v. Mende , 304 Or. 18, 21, 741 P.2d 496 (1987). The length of the delay is the threshold question, and, if the length of the delay is so " 'manifestly excessive and unreasonable' " that it " 'shocks the imagination and conscience,' " that delay is presumed prejudicial. State v. Chinn , 115 Or. App. 662, 665, 840 P.2d 92 (1992) (quoting Mende , 304 Or. at 25, 741 P.2d 496 ). However, if instead "the time taken to bring an accused to trial is substantially greater than the average," we must assess the reasons for the delay and the prejudice to defendant. Mende , 304 Or. at 23-24, 741 P.2d 496. Delays caused by a defendant *375 "do not weigh heavily, if at all, against the state." State v. Wendt , 268 Or. App. 85, 100, 341 P.3d 893 (2014) (internal quotation marks omitted). However, delays caused by the prosecutor or the court require us to determine "whether there [was] justification for those delays and whether that justification [was] reasonable." Id.
On appeal, defendant contends that the delays between the pretrial hearing on April 9, 2014, and the second trial on April 7, 2015, were unreasonable and prejudicial. He challenges the reasonableness of the court's scheduling limitations and the state's delay in setting a retrial and argues that he was prejudiced because he experienced increased anxiety when the state did not dismiss the case after the first trial, affecting his work performance and personal life. Defendant also contends that his defense was impaired because the delay affected not only his expert witness's ability to recall his medical diagnosis at the time of the incident but his own ability to present a plausible medical defense for failing the sobriety test-specifically, because his visible symptoms of head trauma had disappeared by the second trial and prevented him from showing how those symptoms resembled being under the influence. According to defendant, the increased anxiety coupled with the impairment of his defense warrants dismissal of his case.
The state argues that the delays in this case were reasonable and, as pertinent here, that the anxiety that *642 defendant experienced was not sufficient to establish prejudice. Further, the state argues that his defense was not impaired because he did not attempt to demonstrate symptoms of head trauma at his first trial and that any argument that the expert witness's recollection was affected by any delay is speculative.
We conclude that defendant's right to a speedy trial was not violated. Both parties agree that the length of delay was not "manifestly excessive," but rather was "substantially greater than average" for a misdemeanor DUII case, and we agree. See State v. Siegel , 206 Or. App. 461, 466-67, 136 P.3d 1214 (2006) (stating that an 18 month delay in bringing a defendant to trial in a nonfelony DUII case was substantially longer than average). We need not address whether the delays between April 2014 and April 2015 were reasonable because, even assuming that the delays were unreasonable and attributable to the state, defendant failed to prove actual prejudice.
A defendant can be prejudiced in three ways: "excessive pretrial incarceration, anxiety and concern of the defendant, and impairment to the defense." State v. Emery , 318 Or. 460, 473-74, 869 P.2d 859 (1994). "[The] defendant bears the burden of showing that he suffered actual prejudice as a result of the state's delay." State v. Chelemedos , 286 Or. App. 77, 82, 398 P.3d 415, rev. den. , 362 Or. 208, 407 P.3d 814 (2017). This requires a defendant to establish "a degree of prejudice that * * * warrants dismissal." Siegel , 206 Or. App. at 470, 136 P.3d 1214.
Here, defendant failed to meet that burden. The anxiety that defendant identified stems from the fact that he believed the case would be dismissed after the court gave the state two weeks to decide if it would retry the DUII charge, rather than from the overall delay, and, in all events, that type of anxiety is insufficient to establish a degree of prejudice requiring dismissal. See State v. Dykast , 300 Or. 368, 378, 712 P.2d 79 (1985) (concluding that a defendant's "additional anxiety and stress" over the trial delays "were [not] so great as to require dismissal," even while recognizing that "[m]ost criminal prosecutions cause stress, discomfort and interference with a normal life" and that "[d]elay adds to the problem").
*643 Additionally, the defense was not impaired by the delay. Defendant did not attempt to display symptoms of head trauma at the first trial and, even if he had and wanted to show the jury those symptoms in the second trial, that type of prejudice is too speculative to warrant dismissal under the circumstances. Defendant's assertion that his expert witness may have had issues recollecting information is likewise speculative. See Wendt , 268 Or. App. at 104, 341 P.3d 893 (noting that prejudice from delay was not constitutionally significant simply because of what is "undoubtedly true in *** [a] case where there has been pretrial delay: witnesses *376 could have remembered events more clearly at a time nearer to [when defendant was charged]"; explaining that the defendant must show "specifically how his ability to defend himself was prejudiced by the faded memories" (emphasis in original; internal quotation marks omitted) ). Therefore, the trial court did not err in denying defendant's motion to dismiss.
Affirmed.

Defendant was also convicted of violating a speed limit, ORS 811.111, but he does not challenge that conviction on appeal.

Defendant concedes that any delays before April 9 are not relevant to his speedy trial claim.