600 October 29, 2025 No. 953

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN DWAYNE LANDER,
*Defendant-Appellant.*

Douglas County Circuit Court
20CR56688; A183120

George William Ambrosini, Judge.

Submitted August 20, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals a judgment of conviction for five drug-related offenses: delivery of heroin; delivery of heroin within 1,000 feet of a school; delivery of methamphetamine; delivery of methamphetamine within 1,000 feet of a school; and delivery of cocaine within 1,000 feet of a school. On appeal, he raises two assignments of error. In his first assignment of error, defendant argues that the trial court erred by denying his motion to dismiss because the three-year delay in bringing his case to trial violated his state and federal rights to a speedy trial. In his second assignment of error, he argues that the trial court erred by imposing an unconstitutionally disproportionate sentence for his conviction for delivery of heroin. Because defendant did not establish that he was prejudiced by the delay in bringing him to trial and his sentence is not disproportionate, we affirm.

*Motion to Dismiss for Lack of a Speedy Trial:* The relevant facts are few. The state charged defendant in October 2020 and the case did not proceed to trial until three years later. In that time, defendant was convicted on unrelated federal drug charges and received a 120-month prison sentence. Almost two years after his sentencing in the federal case, defendant was brought to trial on the crimes at issue here. Defendant moved to dismiss on the grounds that the three-year delay in bringing his case to trial violated his state and federal constitutional rights to a speedy trial. The trial court denied the motion, concluding, in part, that defendant had not proven that he suffered prejudice warranting dismissal. Defendant was convicted, and the trial court sentenced him to 180 months' imprisonment.

On appeal, he reprises his claim that he was entitled to dismissal. "We review a trial court's denial of a defendant's motion to dismiss for lack of a speedy trial for legal error and we are bound by the trial court's findings of fact if they are supported by the record." *State v. Krieger*, 306 Or App 71, 72, 473 P3d 550 (2020), *rev den*, 367 Or 535 (2021).

We consider defendant's claim under the Oregon Constitution first. *See State v. Velykoretskykh*, 268 Or App 706, 707 n 2, 343 P3d 272 (2015) ("Under Oregon court's 'first

things first' doctrine, we have an obligation to address state constitutional law claims before federal ones."). Determining whether a defendant's speedy trial rights were violated involves consideration of three factors: "(1) the length of the delay; (2) the reasons for the delay; and (3) the resulting prejudice to the defendant." *Krieger*, 306 Or App at 75. In turn, there are three ways a defendant can establish prejudice: "(1) excessive pretrial detention, (2) anxiety and concern, and (3) impairment of the defense." *State v. Fleetwood*, 186 Or App 305, 319, 63 P3d 42, *rev den*, 336 Or 125 (2003). The burden is on the defendant to show they suffered actual prejudice due to the state's delay. *State v. Stinnett*, 291 Or App 638, 642, 422 P3d 372 (2018).

Here, the state argues, and we agree, that even if the first two factors weigh in defendant's favor, he failed to establish that the delay prejudiced him to an extent that would warrant dismissal. Defendant's only claim of prejudice is that the delay caused him anxiety because he learned that he could receive a sentence of up to 240 months' imprisonment on the state charges, yet he had believed his federal sentence was a global settlement that included the state charges. Defendant's anxiety alone, however, is insufficient to establish prejudice warranting dismissal. *See State v. Dykast*, 300 Or 368, 378, 712 P2d 79 (1985) (concluding that while "[m]ost criminal prosecutions cause stress, discomfort and interference with a normal life" and "[d]elay adds to the problem," the defendant's added anxiety and stress "were [not] so great as to require dismissal"); *Krieger*, 306 Or App at 77 (reasoning that the defendant's "generalized argument of stress and anxiety is not supported by any evidence beyond that expected in the resolution of any criminal charge"). As the trial court observed, defendant was "involved in a federal prosecution and was dealing with incarceration and imprisonment in that case." Thus, the anxiety that defendant experienced was not over whether he would receive prison time; that much was already assured by his convictions on the federal charges. Rather, his anxiety was over how much longer he would be incarcerated. That anxiety does not establish a state constitutional speedy trial violation. Because defendant failed to establish that he suffered actual prejudice from the three-year delay, the trial court

correctly denied defendant's motion to dismiss on state speedy-trial grounds.

Defendant's claim under the United States Constitution fails for the same reason as his claim under the Oregon Constitution: defendant failed to prove that he was prejudiced by the delay.[1] Therefore, the trial court correctly denied defendant's motion to dismiss on federal speedy-trial grounds.

*Proportionality Challenge to Sentence:* In his second claim of error, defendant argues that his 180-month sentence for delivery of 100 grams or more of heroin was disproportionate under the state and federal constitutions.[2] We review whether a sentence is unconstitutionally disproportionate under Article I, section 16, of the Oregon Constitution for legal error, and "we are bound by any findings of historical fact that the trial court may have made, if they are supported by evidence in the record." *State v. Ryan*, 361 Or 602, 614-15, 396 P3d 867 (2017).

The trial court's imposition of a 180-month sentence for delivery of heroin was proportional. Article I, section 16, provides, in part, that "all penalties shall be proportioned to the offense." When considering whether a sentence is proportional, we ask whether the length of the sentence would "shock the moral sense of reasonable people." *Ryan*, 361 Or at 612. We consider three factors in determining whether a sentence is proportional: "(1) a comparison of the severity of the penalty and the gravity of the crime; (2) a comparison of the penalties imposed for other, related crimes; and (3) the criminal history of the defendant." *State v. Rodriguez/Buck*, 347 Or 46, 58-60, 217 P3d 659 (2009) (analysis of the three factors under Article I, section 16, also provides a sufficient basis to decide whether a defendant's sentence was

---

[1] The speedy trial analysis under the Sixth Amendment is similar to the state constitutional analysis—but requires consideration of a fourth factor: the defendant's diligence in asserting the right to a speedy trial. *Krieger*, 306 Or App at 77. Defendant's diligence is not at issue here.

[2] The state argues that defendant's challenge to his sentence is not reviewable on appeal because our authority is limited by ORS 138.105(8)(b). Because defendant's challenge fails on its merits, we assume, without deciding, that it is reviewable.

disproportionate and cruel and unusual under the Eighth Amendment to the United States Constitution).

Defendant's criminal history influenced the severity of the penalty; we thus begin with that factor. Defendant had a criminal history that involved multiple drug-related convictions. His criminal history thus weighs against a conclusion that his sentence was disproportionate. With respect to the first factor—the gravity of the crime—defendant's conduct in delivering 100 or more grams of heroin was grave. *Cf. State v. Miller*, 291 Or App 599, 613-14, 422 P3d 327, *rev den*, 363 Or 727 (2018) (explaining that the specific circumstances and facts of the defendant's conduct are less useful for the analysis when statutes, like those prohibiting delivery of methamphetamine, narrowly define the crime, because the graveness of a defendant's specific acts in committing the offenses cannot be compared to different acts also within the scope).

As to the second factor, defendant does not point us toward any related but more serious crimes that would have resulted in a less severe sentence. Instead, defendant urges us to compare the 180-month sentence in his state case to his 120-month sentence on similar charges in his federal case and to the sentences of the people to whom defendant sold drugs. We are not convinced that these are appropriate comparisons, as there are differences in charges, criminal histories, and enhancement factors. Like defendant's sentence for delivery of heroin, the sentences for convictions for the unlawful delivery of significant quantities of other controlled substances are guided by ORS 475.925 and ORS 475.930. As a result, related crimes are subject to similar penalties, depending on the quantities of different drugs the legislature has deemed comparable and the defendant's criminal history.

Thus, we conclude that defendant's sentence would not shock the moral sense of reasonable people and is proportioned to his crime under the state and federal constitutions.

Affirmed.