Argued and submitted November 23, 1983, reversed and remanded with instructions
February 8, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## GENEVA BARNES,
*Appellant.*

## (C79-10-33411; CA A27351)

676 P2d 344

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Roy Pulvers, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant was found guilty of unlawfully obtaining public assistance under ORS 411.630. She claims that the trial court erred in refusing to grant her motion to dismiss the indictment on the ground that prosecution was barred by the statute of limitations.[1] We reverse the judgment of conviction.

Defendant received both unemployment compensation and public assistance from July 1, 1978, to March 31, 1979. She testified that she thought she only had to advise AFS when she was actually working. After the state discovered that defendant was receiving unemployment compensation, her public assistance grant was terminated, effective March 31, 1979. An indictment and arrest warrant for unlawfully receiving public assistance were issued on October 4, 1979. The warrant was executed on July 18, 1982, two years and nine months after the indictment and three years and four months from the date of the alleged offense.

The dispositive issue is whether the state "commenced" the prosecution within the time limitation set by relevant statutes. ORS 131.125 provides, in pertinent part:

"* * * * *

"(2) Except as provided in subsection (3) of this section or as otherwise expressly provided by law, prosecutions for other offenses must be commenced within the following periods of limitations after their commission:

"(a) For any other felony, three years.

"* * * * *"

ORS 131.135 provides:

"A prosecution is commenced when a warrant or other process is issued, provided that the warrant or other process is executed without unreasonable delay."

Statutory time limitations for commencing criminal actions provide notice to the accused of the decision to prosecute and the general nature of the charge so as to allow the accused to prepare evidence and to minimize the prejudice

---

[1] In the alternative, defendant claims that the state's failure to bring defendant to trial in a timely manner resulted in a denial of her right to a speedy trial under the Sixth Amendment of the U.S. Constitution and Article I, section 10, of the Oregon Constitution. Because we resolve the case on statutory grounds, we need not reach the constitutional issues.

produced by the passage of time. Under ORS 131.125 and 131.135, the issuing of an indictment and warrant would provide adequate notice to the accused and toll the statute of limitations only when "the warrant * * * is executed without unreasonable delay." The plain meaning of the statutes requires that the warrant be executed within a reasonable period of time after it is issued.

■        In *State v. Jackson,* 228 Or 371, 377, 365 P2d 294 (1961), applying ORS 134.120 to determine whether the accused had been brought to trial "within a reasonable period of time," the Supreme Court explained:

> "* * * While it is impracticable to attempt a precise definition of the phrase 'a reasonable time,' it may be stated generally that it is such length of time as may reasonably be allowed or required having regard to attending circumstances." (Citations omitted.)

In order to decide whether the delay in executing the warrant in this case was reasonable and the statute of limitation tolled, we examine any circumstances that may explain the passage of two years and nine months between the issuance of the indictment and its execution.

        The state argues that defendant "secreted" herself within the state to prevent being served, and so the statute of limitations is tolled by ORS 131.145(2)(b). We find no merit in this claim. Defendant testified that she resided at 40 North Lombard Street, Portland, Oregon, from June 15, 1978, to the time of trial. The state concedes that it was aware of her address, and there is no indication of any attempt to serve defendant with the warrant before July 18, 1982.

■■        In the alternative, the state argues that a registered letter sent by the District Attorney's office to defendant at 40 North Lombard Street on November 1, 1979, tolls the statute of limitations. The letter, which was returned shortly thereafter to the sender marked "unclaimed," advised defendant of the indictment and asked that she make the necessary arrangements to surrender herself.[2] A witness from the

---

[2] The full text of the letter reads:

"Please be advised that the Multnomah County Grand Jury has returned an indictment against you for welfare fraud, and pursuant to that indictment a warrant will be issued for your arrest.

District Attorney's office testified that a certified letter is sent to an accused in unlawfully obtaining assistance cases as a courtesy so that a defendant with small children may make appropriate arrangements. While we might approve the District Attorney's considerate attitude, we decline to hold that sending a registered letter suggesting that a defendant surrender provides any excuse for failure to execute a warrant within a reasonable time. The letter was not effective service of process under ORCP 7D, and defendant was under no legal duty to pick up the registered letter. The only inference reasonable from the mailing and return of the registered letter in November, 1979, was that defendant was not going to surrender herself as the letter requested, and so actual service was necessary. On June 7, 1982, the state mailed another registered letter to defendant, which was again returned unclaimed, and on July 18, 1982, the warrant was served by a police officer.

Viewing the state's case in the best light, there remains a period of two years, seven months from November, 1979, until June, 1982, in which the state took no action to further the prosecution, and it offers no reason whatever for the delay. Defendant had no actual notice of the indictment for three years and four months after the alleged offense.

■   The statutory time limitations contained in ORS 131.125 are specifically designed to prevent this type of protracted, haphazard prosecution. The state failed to serve the warrant in this case and is not entitled to prevail because defendant did not respond to its request to surrender herself voluntarily. Under these circumstances, we find that the the delay was unreasonable as a matter of law. The excuse for the delay was no excuse at all. We conclude that the state failed to "commence" the prosecution within the three-year period set out in ORS 131.125(2)(a). Defendant's motion to dismiss the indictment should have been granted.

Reversed and remanded with instructions to allow defendant's motion to dismiss the indictment.

---

"If you would like to surrender yourself on this charge, please advise me and I will make the necessary arrangements. My telephone number is 248-3818."