Argued and submitted June 30, reversed December 27, 2000

STATE OF OREGON,
*Respondent,*

*v.*

BOBBY EARL HUSKEY, JR.,
*Appellant.*

(95CR1153MI; CA A103398)

17 P3d 541

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Kathleen Mary Cegla, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

EDMONDS, P. J.

**EDMONDS, P. J.**

Defendant appeals from a conviction for driving under the influence of intoxicants (DUII). ORS 813.010. He assigns as error the trial court's denial of his motion to dismiss on the ground that the prosecution against him was not commenced within the two-year statute of limitations. ORS 131.125(6)(b). We reverse.

Defendant was arrested on October 28, 1994, in Douglas County and charged with DUII. The Driver and Motor Vehicle Services Branch (DMV) held a hearing regarding the suspension of defendant's driver's license as a result of the arrest but did not suspend his license. On December 5, 1994, the DUII criminal case was dismissed voluntarily by the state. Defendant then moved from his residence in Douglas County to Salem. He provided his new address to the DMV within a few weeks after his move. The district attorney for Douglas County refiled the complaint for DUII, based on the same underlying incident. The Douglas County sheriff's office attempted to serve a citation for the charge on defendant, but it reported by an affidavit dated May 17, 1995, that defendant could not be found, and that he had "MOVED TO SALEM 3 WEEKS AGO." The state made no further efforts to locate defendant.

When defendant did not appear in response to the complaint, a warrant for his arrest was issued on June 16, 1995. That warrant was not executed until October 20, 1997, when defendant was stopped for a traffic infraction in the Salem area. Before trial, defendant moved for dismissal of the charge on both statute of limitations and constitutional speedy trial grounds. At the hearing on the motion, the evidence showed that defendant had lived at the same address in Salem since May 5, 1995. There was also evidence that the DMV records would have revealed defendant's address in Salem, within days of the state's attempt to serve the citation, had the state checked the records.

The trial court denied defendant's motions, ruling:

"Court:    I do not believe the state was negligent in not locating an accurate address, and the reason is that they didn't just sit on this, they used available information up to

a point. It is true, I suppose, if they'd gone out on a search they would have found him, but I think that the state does not have an obligation to do that kind of investigative work, just as long as they're not negligent. I think they've satisfied their obligation. Also I did not see where, or I didn't hear here where Mr. Huskey had been prejudiced by this delay. I suppose it's inevitable that there is some prejudice after the time, but there is nothing about the availability of witnesses.

"Defense counsel:   Your Honor, I don't believe that the statute requires any prejudice, and I believe in fact that the plain reading has no mention of prejudice, in either ... ORS 174.010, in the construction of a statute it indicates that the . . .

"Court:   I was reading from *State v. Antley* [*sic*].

"Defense counsel:   I believe that is a case involving speedy trial issue.

"Court:   Yeah, that's what I was talking about. Then the length of the delay is, well it's about three years. I say the reasons for the delay were that he just didn't, the information they had on the citation did not correspond to where he actually lived, and they didn't do any work beyond that. I don't think they had the duty to do an all-out investigation on anyone that comes through the system and so I think that I'm going to rule that the motion is denied."

Defendant was convicted after trial.

Defendant's DUII conviction is for a misdemeanor. ORS 813.010(4). ORS 131.125(6) provides for a two-year period from the date of the commission of the crime within which the state must commence the prosecution of misdemeanors.[1] "A prosecution is commenced when a warrant or other process is issued, provided that the warrant or other process is executed without unreasonable delay." ORS 131.135. The question in this case is whether the prosecution

---

[1] ORS 131.125(6)(b) provides:

"Except as provided in subsection (7) of this section or as otherwise expressly provided by law, prosecutions for other offenses must be commenced within the following periods of limitations after their commission:

"* * * * *

"(b) For any misdemeanor, two years."

was lawfully commenced within the statute of limitations period. If the warrant was executed without unreasonable delay, then the date the prosecution was commenced was June 16, 1995, when the warrant was issued. If the execution of the warrant was unreasonably delayed, the prosecution was not commenced until after the statute of limitations had expired.

On appeal, defendant renews his argument that the state's delay in executing the arrest warrant was unreasonable. Defendant argues that the state was on constructive notice that he had moved to Salem within a short time of the attempt to serve him with the citation and that, at a minimum, it should have inquired of DMV to see whether defendant had provided a new address to DMV after his move. Such a step was even more logical, according to defendant, in light of the fact that the underlying charge in this case involved his driving privileges, and the state was aware that defendant had just been through a suspension hearing with DMV in which he had prevailed. The state responds that it took all reasonable steps toward execution of the warrant when it sought to serve defendant at the address listed in the district attorney's file; that requiring it to conduct an investigation into defendant's whereabouts would have been costly and time-consuming; and that essentially, it did the best it could do under the circumstances.

We disagree with the state's argument. Under ORS 131.135, the state must undertake reasonable efforts to avoid delay in the execution of a warrant, including reasonable efforts to ascertain the whereabouts of the subject of an arrest warrant. The state knew that defendant had moved to Salem by no later than May 17, 1995, and it appears to concede that with minimal effort it could have learned of defendant's new address from DMV records. This case is unlike *State v. Pirouzkar*, 98 Or App 741, 780 P2d 802, *rev den* 309 Or 333 (1990), where the defendant had moved out of Oregon and left no forwarding address or information about her location. We held in that case that the state's failure to locate the defendant to execute the warrant was reasonable under the circumstances. Rather, this case is more like *State v. Barnes*, 66 Or App 896, 676 P2d 344 (1984), where the defendant lived at an address that was known to the state throughout

the period covered by the statute of limitations. Here, the state offers no explanation why it could not have obtained defendant's address from DMV, other than it did not make a request.

The state argues that the district attorney's office, had it retrieved defendant's records from DMV, may have determined that it was too inconvenient or costly to have the Marion County sheriff execute the warrant and to transport defendant to Douglas County. We fail to perceive how those considerations aid the state's argument. Arguably, it is possible that the district attorney would have elected not to prosecute under the circumstances, after having learned of defendant's whereabouts, but that election would not have obviated the running of the statute of limitations under ORS 131.135. Finally, the state argues that "it is not readily apparent that defendant would have been found at the Salem address." The weight of the evidence produced by defendant at the hearing suggests otherwise.

Defendant argues additionally that the trial court erred because it required him to demonstrate prejudice resulting from the delay. In response to that argument, the state contends that the trial court did not impose such a requirement when its remarks are read in context, and that its remarks about prejudice were made only in reference to its ruling on defendant's constitutional challenge, in which prejudice was a relevant inquiry, and which defendant does not assign as error. Thus, according to the state, the only issue is whether the delay in executing the warrant was so unreasonable as not to constitute the commencement of the prosecution. We agree with the state's characterization of the trial court's ruling, in light of the fact that the trial court was considering defendant's statutory and constitutional motions simultaneously.

The state appears to contend that because the trial court did not require defendant to demonstrate prejudice, it is not necessary for us to address the issue of whether prejudice is required under ORS 131.135. Defendant, on the other hand, argues that our decisions in *Barnes* and *State v. Chinn,* 115 Or App 662, 840 P2d 92 (1992), both of which relied upon *State v. Jackson,* 228 Or 371, 365 P2d 294 (1961), are no

longer controlling precedent to the extent that they imposed a prejudice requirement.[2] That position relies on the understanding that the Supreme Court in *State v. Emery*, 318 Or 460, 869 P2d 859 (1994), declined to employ the *Jackson* constitutional requirement of prejudice in determining whether there was an unreasonable delay between the date of the charge and the date of trial under ORS 135.747. It elected instead to analyze the statute anew under the then newly decided case of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). Defendant urges that the *Emery* reasoning is also applicable to ORS 131.135.[3] Significantly, the state does not argue that the trial court's denial of defendant's motion was correct on the ground that it was necessary for him to demonstrate prejudice in order to prevail. In the absence of such an argument, we leave for another day the question of whether the *Emery* rationale also applies to ORS 131.135.

Reversed.

---

[2] In *Chinn*, a warrant for the defendant's arrest was served on him two years and eight months after it was issued. The defendant moved to have the prosecution dismissed under ORS 131.135. He offered evidence that the DMV and the Department of Revenue had the correct address for him during the pertinent time. We ultimately held that because the defendant had not established prejudice, he was not entitled to dismissal. Before reaching the prejudice issue, we said, "Arguably the police were negligent in not contacting state agencies to determine if they had another address for defendant." *Chinn*, 115 Or App at 665.

[3] *See also State v. Green*, 140 Or App 308, 315 n 9, 915 P2d 460 (1996).