Argued and submitted August 27, 2008, affirmed January 21, petition for review denied July 9, 2009 (346 Or 364)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEVIN RAY HINKLE,
*Defendant-Appellant.*

Deschutes County Circuit Court
MI000139; A133779

201 P3d 250

Neil F. Byl, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Attorney-in-Charge, Capital Cases.

Before Wollheim, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

Defendant appeals a conviction for second-degree theft. ORS 164.045. He assigns as error the trial court's denial of his motion to dismiss on the ground that the prosecution against him was not commenced within the applicable statutory period of limitations. For the reasons discussed below, we affirm defendant's conviction.

On January 2, 2000, defendant stole more than $50 in cash from the Sno Cap Drive-In restaurant in Redmond. He was apprehended by two Redmond Police Officers, issued a "Uniform Traffic Citation and Complaint" (UTC) charging him with second-degree theft, and released. The UTC instructed defendant to appear at the Deschutes County Courthouse in Bend on January 12 at 1:15 p.m. At about 10:00 a.m. on the date that defendant was to appear, January 12, 2000, the district attorney filed an information, alleging the same operative facts as were alleged in the UTC and charging defendant with second-degree theft. When defendant failed to appear for his court date, the court issued an arrest warrant. According to the district attorney's statements at the later hearing on the motion to dismiss, the warrant was entered into a computerized law enforcement database (the Law Enforcement Data System or LEDS) within a week or two of its issuance.

Defendant, meanwhile, left Oregon for California, where—as the state describes it—he "spent the next six years accumulating arrests and convictions in that state and spending a significant amount of time either on probation or in jail." During the summer of 2005, defendant contacted the Deschutes County District Attorney's Office seeking to resolve this case. Ultimately, in late 2005, defendant appeared and the arrest warrant was recalled. Defendant then moved to dismiss his theft prosecution on the ground that the state had not commenced the prosecution within the statutory period of limitations. The trial court denied the motion, defendant entered a conditional guilty plea, the trial court convicted defendant, and defendant filed this appeal.

On appeal, defendant argues that the trial court erred in denying his motion to dismiss. He argues that,

because the arrest warrant was not executed without "unreasonable delay," as required by ORS 131.135, the prosecution was not commenced within the applicable period of limitations. The state responds alternatively that (1) the prosecution commenced when defendant was given the UTC, so the subsequent information and arrest warrant are irrelevant; (2) even if the information and arrest warrant are relevant, the delay in executing the warrant was reasonable because defendant was on the lam in California; and (3) in any event, defendant did not demonstrate that he was prejudiced by the delay. We agree with the state's second argument.

We begin with the statutory scheme. ORS 131.105 provides that a "criminal action must be commenced within the period of limitation prescribed in ORS 131.125 to 131.155."[1] Second-degree theft is a Class A misdemeanor. ORS 164.045(2). ORS 131.125(6)(b) provides that the period of limitation for a misdemeanor is two years. ORS 131.145 states that the period of limitation starts to run on the day after the offense is committed, except that the period does not run when the suspect resides out of state. ORS 131.155, however, provides that the tolling provision in ORS 131.145 cannot be used to extend the period of limitation more than three years. Under the facts of this case, those provisions mean that the state was required to commence a criminal action against defendant by early January 2005. That is, the state had two years (the normal period of limitation for a misdemeanor) plus three years (the maximum additional period when a suspect is out of state) to begin the prosecution. The question is whether the state did so.

ORS 131.135 provides, "A prosecution is commenced when a warrant or other process is issued, provided that the warrant or other process is executed without unreasonable delay."[2] Defendant does not dispute that the information was

---

[1] A "criminal action" is "an action at law by means of which a person is accused of the commission of a violation, misdemeanor or felony." ORS 131.005(6).

[2] We note that, although ORS 131.105 states that a "criminal action" must be commenced within the period of limitation, ORS 131.125 describes when a "prosecution" commences. Similarly, ORS 131.125 announces time periods within which a "prosecution" must be commenced. This court has previously held that the "legislature has used the terms 'prosecution' and 'criminal action' interchangeably" in this context. *Abbott v. Baldwin*, 178 Or App 289, 297, 36 P3d 516 (2001), *rev den*, 334 Or 75, *cert den*, 537 US 901 (2002).

timely issued, but he argues that it was ineffective because execution of the arrest warrant was unreasonably delayed. He also argues that "the state cannot rely upon the issuance and service of the [UTC] to show process was executed without unreasonable delay, because the state did not prosecute defendant based on the citation, but instead issued a new information and warrant." We need not decide whether the UTC was sufficient to commence defendant's prosecution because, even if we assume that the relevant accusatory instrument is the district attorney's information, we conclude that the accompanying arrest warrant was timely issued and executed without unreasonable delay. It follows that the prosecution was commenced on January 12, 2000 (the date on which the warrant was issued), 10 days after defendant stole money from the Sno Cap Drive-In.

■ Several of this court's previous cases inform our analysis of what constitutes an "unreasonable delay" for purposes of ORS 131.135. In *State v. Barnes*, 66 Or App 896, 898-99, 676 P2d 344 (1984), this court explained that periods of limitation in criminal cases serve to provide a defendant with notice of a prosecution:

> "Statutory time limitations for commencing criminal actions provide notice to the accused of the decision to prosecute and the general nature of the charge so as to allow the accused to prepare evidence and to minimize the prejudice produced by the passage of time. Under ORS 131.125 and 131.135, the issuing of an indictment and warrant would provide adequate notice to the accused and toll the statute of limitations only when 'the warrant * * * is executed without unreasonable delay.' The plain meaning of the statutes requires that the warrant be executed within a reasonable period of time after it is issued."

This court went on to note that, in determining what kind of delay is "reasonable," the court will "examine *any* circumstances that may explain" the delay. *Barnes*, 66 Or App at 899 (emphasis added); *see also State v. Jackson*, 228 Or 371, 377, 365 P2d 294 (1961) ("[I]t is such length of time as may reasonably be allowed or required having regard to attending circumstances."). That is, whether a delay is "reasonable" for purposes of ORS 131.135 is a totality of the circumstances inquiry.

In *Barnes*, the warrant was executed more than three years after the date of the alleged offense. The state knew the defendant's address, but, other than sending her an unclaimed registered letter that would have advised her that she had been indicted and asked that she surrender herself, the state made no efforts to execute the warrant. Relying in part on the fact that the defendant had "no actual notice of the indictment for three years and four months after the alleged offense," this court held that the delay was unreasonable. 66 Or App at 900.

In a similar vein, in *State v. Huskey*, 171 Or App 550, 17 P3d 541 (2000), the defendant was arrested and charged in Douglas County with driving under the influence of intoxicants. About a month later, the state voluntarily dismissed the case and, later, refiled the complaint. When the Douglas County Sheriff's Office attempted to serve the defendant with a citation, it reported that it could not do so because the defendant had moved to Salem. The state then issued an arrest warrant. More than two years later, the warrant was executed when the defendant was stopped for a traffic infraction in Salem. *Id.* at 552. This court held that the state must undertake reasonable efforts to avoid delay in executing a warrant, "including reasonable efforts to ascertain the whereabouts of the subject of an arrest warrant." *Id.* at 554. Because the state knew even before the arrest warrant was issued that the defendant had moved to Salem and because the state could have obtained his address from the Driver and Motor Vehicle Services Division, the court concluded that the delay was unreasonable.

In contrast to the results in *Barnes* and *Huskey*, in *State v. Pirouzkar*, 98 Or App 741, 780 P2d 802 (1989), *rev den*, 309 Or 333 (1990), this court concluded that the delay in executing a warrant was reasonable. In *Pirouzkar*, the defendant was indicted and arrest warrants were issued in August 1982 for offenses alleged to have occurred in August and October 1981. The warrants were entered in local, regional, and national law enforcement computer systems a few months later. In March 1983, police made an unsuccessful attempt to serve the warrants at the defendant's last known address; the residence was vacant. Ultimately, the warrants were executed when the defendant was arrested in California

more than five years after the warrants were issued. *Id*. at 743.

In concluding that the warrants in *Pirouzkar* had been executed without unreasonable delay, this court relied on the facts that (1) the evidence in the case was documentary, so that it would not become stale with the passage of time; (2) the defendant had moved to California and the state did not know her address; and (3) the warrants had been entered into law enforcement computer systems. *Id*. at 744. This court distinguished *Barnes*, stating,

> "Here, the state had no knowledge of defendant's where-abouts after March 1983, seven months after the issuance of the warrants. Further, by entering the warrant information into the law enforcement computer systems two and one-half months after the warrants were issued, the state took action to further the prosecution."

*Pirouzkar*, 98 Or App at 744 n 2.

■ Defendant argues that "[t]he facts of this case sit somewhere between *Pirouzkar* and *Huskey*," and implicitly suggests that the disposition should be the same as it was in *Huskey*. Nonetheless, we conclude that, giving due "regard to attending circumstances," *Jackson*, 228 Or at 377, the delay in this case was not unreasonable. As in *Pirouzkar*, the state entered the warrant into a law enforcement database, presumably putting law enforcement agencies on notice of the outstanding warrant. Moreover, defendant chose to ignore the command in the UTC to appear and, again as in *Pirouzkar*, fled the state, thereby making it difficult for the state to execute the warrant.[3] Most important to our decision that the delay in executing the warrant in this case was reasonable, however, is the fact that defendant was on notice of the prosecution from the day he committed the crime. It

---

[3] Defendant also argues that, "[k]nowing defendant's criminal proclivities and the fact he was not an Oregon resident, it would have been reasonable for the state to check defendant's criminal history record to try to locate him after the state issued the warrant." He concludes that, had the state done so, it would have been able to locate him in California. We reject that argument. Whatever else is required of the state in this context, it is not obligated to search other states' criminal systems for a recidivist offender so that it can execute a warrant that was issued only because the offender failed to appear in an Oregon court.

was his choice to abscond that caused the delay in executing the warrant. Given that the purpose of the limitations statutes is to provide notice to the accused, we cannot say that the delay was unreasonable when—in addition to the other facts in this case—defendant had notice of the prosecution even before the arrest warrant issued.[4]

Affirmed.

---

[4] As noted, the state argues on appeal that defendant's claim fails because he did not demonstrate that he was prejudiced. Because we conclude that the warrant was executed without unreasonable delay, we do not address that argument. *See State v. Bigelow*, 197 Or App 441, 447 n 6, 106 P3d 162, *rev den*, 339 Or 544 (2005) (noting that courts have yet to address whether a defendant must demonstrate prejudice under ORS 131.135 after *State v. Emery*, 318 Or 460, 869 P2d 859 (1994)).