Argued and submitted March 30, convictions for endangering welfare of a minor reversed; remanded for resentencing; otherwise affirmed August 31, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTINA LOUISE GRIERSON,
aka Christina Louis Grant Grierson,
*Defendant-Appellant.*

Morrow County Circuit Court
07CF115; A140920

261 P3d 1269

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

Defendant was convicted of one count of unlawful possession of methamphetamine, ORS 475.894, and two counts of endangering the welfare of a minor, ORS 163.575. On appeal, defendant argues that the trial court erred in denying her motion to controvert the state's search warrant and her motion to suppress evidence discovered pursuant to that warrant. We reject those arguments without discussion and therefore affirm with respect to her conviction for unlawful possession of methamphetamine. With respect to the remaining misdemeanor convictions for endangering the welfare of a minor, defendant advances an additional argument: that the state failed to commence the prosecution within the two-year period of limitations for misdemeanors. ORS 131.125(6)(b) (subject to exceptions not applicable here, prosecutions for "any misdemeanor" must be commenced within two years). We agree that the state failed to timely commence the prosecution of the misdemeanor offenses and, accordingly, we reverse her convictions for endangering the welfare of a minor.

The procedural facts are undisputed. The events that form the bases of the charges against defendant occurred in 2005, and defendant was indicted shortly thereafter. The original indictment, however, was defective and was dismissed. At the time of the dismissal, the state "put on the record" that it intended to reindict defendant.

True to its word, the state reindicted defendant on October 29, 2007. The indictment included two misdemeanor charges of endangering the welfare of a minor; each crime was alleged to have been committed "on or about November 10, 2005." On November 1, 2007, the district attorney sent defendant a letter by first-class mail advising her that her arraignment was scheduled for November 15 and that her failure to appear could result in the issuance of a warrant for her arrest. The caption of the letter identified the charges against her as "unlawful possession of methamphetamine" and "endangering the welfare of a minor (2 counts)." Defendant appeared for her arraignment on November 15.

Before trial, defendant filed a motion to dismiss the two counts of endangering the welfare of a minor, on the

ground that the state had not commenced its prosecution of those offenses within the time mandated by ORS 131.125(6)(b). That statute provides:

"Except as provided in subsection (7) of this section or as otherwise expressly provided by law, prosecutions for other offenses *must be commenced* within the following periods of limitations after their commission:

"(a)   For any other felony, three years.

"(b)   *For any misdemeanor, two years.*

"(c)   For a violation, six months."

(Emphasis added.) The limitation period for the offense of endangering the welfare of a minor, a misdemeanor, is neither "provided in subsection (7) of this section" nor "otherwise expressly provided by law" for purposes of ORS 131.125; accordingly, a prosecution for that offense "must be commenced" within two years of the offense—in this case, by November 10, 2007.

For limitation purposes, "[a] prosecution is commenced when a warrant or other process is issued, provided that the warrant or other process is executed without unreasonable delay." ORS 131.135. Before the trial court, defendant took the position that the district attorney's letter regarding her arraignment was not "a warrant or other process," and, for that reason, it did not commence the prosecution against her. Rather, she argued, the prosecution did not commence until she was arraigned on November 15, 2007, more than two years after the date of the crimes alleged in the indictment.

The state responded that the district attorney's letter was, indeed, "other process" within the meaning of ORS 131.135, and that, because the letter had been sent "without unreasonable delay," it therefore commenced the prosecution. The trial court agreed with the state:

"Well, under the limited facts of this case, because there was a previous proceeding, it was dismissed with contemplation that it was going to be reinitiated. And because the State did submit its process letter November 1st, 2007, within the statute of limitations, and in that, the Defendant did come in five days after the statute of limitations for the

arraignment process, I'm going to find that process in this case was satisfactory under ORS 131.135, agreeing with the State's position, and I'll deny the motion. Otherwise, I think it might be otherwise well-founded but for the limited facts of this case."[1]

Defendant later raised the issue again by way of a motion for a judgment of acquittal, which the trial court likewise denied.

On appeal, defendant again argues that prosecution of the misdemeanor charges against her did not commence until she was arraigned on November 15, 2007, more than two years after she allegedly committed those offenses. In support of her contention, she cites *State v. Williams*, 232 Or App 303, 222 P3d 31 (2009), which issued after the trial court denied her motions and which explicates the meaning of "other process" in ORS 131.135. In *Williams*, we explained:

"Process, for purposes of initiating a court action against a person, is commonly understood to mean a warrant, summons, or writ, that is, a legal instrument that requires the person to appear in court to respond to a charge or complaint. *E.g., Black's Law Dictionary* 1242-43 (8th ed 2004). *The phrase 'warrant or other process' in the statute supports that understanding, because it implies that the 'other process' to which the statute refers are things akin to warrants.*"

232 Or App at 306 (emphasis added).

In light of *Williams*, the state now all but concedes that the district attorney's letter was insufficient to commence prosecution on the misdemeanor charges: "Under that strict framework, the prosecution here on counts 2 and 3 [for endangering the welfare of a minor] would not appear to have been commenced within the limitation period because no warrant issued requiring defendant to appear for arraignment." The state rightly jettisons its argument that the district attorney's letter was "other process" within the meaning

---

[1] In denying the motion to dismiss, the trial court noted that the motion was untimely; it nonetheless considered and rejected the motion on its merits. *See* UTCR 4.010 ("Motions for pretrial rulings on matters subject to ORS 135.037 and ORS 135.805 to 135.873 must be filed in writing not less than 21 days before trial or within 7 days after the arraignment, whichever is later, unless a different time is permitted by the court for good cause shown."). The state does not address on appeal the timeliness of that motion, and we do not discuss it further.

of ORS 131.135. The letter merely advised defendant of her arraignment date and asserted consequences of failing to appear; it was not a legal instrument that required her to appear in court to respond to a charge or complaint. *Id.*

The state does not, however, concede that the trial court erred. The state instead argues that the misdemeanor convictions should be affirmed because defendant had *notice* that she was being prosecuted, notwithstanding the lack of a warrant or other process. The state's notice argument proceeds from our observation in *Williams* that the Criminal Law Revision Commission, which proposed the current version of ORS 131.135, intended the limitation statutes "to give a defendant the ability to obtain evidence and to otherwise respond to charges before the passage of time impaired the defendant's ability to do that." *Id.* at 307. According to the state, the trial court correctly concluded that those "underlying principles behind the limitation statutes" were satisfied, because "defendant here not only had been indicted previously on these very charges, but she had notice that the state intended to refile charges against her after it dismissed the original indictment for technical reasons." The state concludes, "Because defendant had notice of the charges, and because she voluntarily appeared at her arraignment, she should be deemed to have consented to this process."

The state's argument is premised on two fundamental misconceptions. First, we do not apply the "underlying principles" of a statute as expressed by particular legislators during subcommittee hearings; we construe the enacted text. *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009) ("The formal requirements of lawmaking produce the best source from which to discern the legislature's intent, for it is not the intent of the individual legislators that governs, but the intent of the legislature as formally enacted into law * * *."). The state makes no effort to identify text in the statute that could plausibly support its contention that notice alone is sufficient to commence a prosecution, and for good reason: the text of ORS 131.135 is patently inconsistent with that view. As we pointed out in *Williams* (indeed, in the sentences immediately following the portion quoted by the state), the general principle behind the limitation statutes was effectuated in a particular way:

"In [the Criminal Law Revision Commission's] view, *that principle was best served by tying the commencement of a prosecution to the issuance of an arrest warrant or similar process*, because the issuance of such process is the step that is taken to bring a person to court to respond to criminal charges. Issuance of an arrest warrant generally follows the filing of an accusatory instrument and, compared to the filing of an accusatory instrument, issuance of an arrest warrant is more likely to lead the defendant to be brought to court to learn of the charges and of the need to respond to them."

*Id.* at 307 (emphasis added). The text of ORS 131.135 unambiguously runs the limitation period from the time that "a warrant or other process is issued," and not from the time that a defendant receives actual notice of an indictment. We are not at liberty to write that text out of the statute simply because, in the state's view, some of the same policy concerns could have been addressed in some other way, such as an "actual notice" exception.

Second, and relatedly, the obligation to timely commence a prosecution falls squarely on the state. Nothing in ORS 131.135 suggests that a defendant, by appearing at an arraignment, consents to a prosecution outside the statutory time frame; rather, the defendant is deemed to consent to commencement of the prosecution as of the date of his or her appearance. *See id* at 317. ("An appearance by a defendant in court in connection with the charges is sufficient to commence a prosecution even if no warrant is issued or executed. * * *. Thus, for example, if a defendant agrees to appear voluntarily to respond to charges *within the limitation period*, the action is timely commenced." (Emphasis added.)).

In this case, no "warrant or other process" issued before defendant appeared at her arraignment on November 15, 2007. Accordingly, the prosecution did not commence—at least, for limitation purposes[2]—until that appearance.

---

[2] "[T]here are statutes that treat a prosecution as commencing when an accusatory instrument is filed. *E.g.*, ORS 131.005(3), (4); ORS 135.747. However, ORS 131.135 establishes that a prosecution commences *for limitation purposes* when a warrant or other process is issued, as long as execution of the warrant or other process is not unreasonably delayed."

*Williams*, 232 Or App at 318 n 4 (emphasis in original).

*Id.* at 317; *see also Abbott v. Baldwin*, 178 Or App 289, 36 P3d 516 (2001), *rev den*, 334 Or 75, *cert den*, 537 US 901 (2002) (previously dismissed indictment in a separate case is not sufficient to commence prosecution on a later indictment for purposes of ORS 131.135). By that time, more than two years had passed since the date of her offenses, and the trial court should have dismissed the misdemeanor charges against her.

Convictions for endangering welfare of a minor reversed; remanded for resentencing; otherwise affirmed.