Argued and submitted June 29, 2020, reversed February 16, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*
*v.*
DEANA ANN CHASE,
*Defendant-Appellant.*

Coos County Circuit Court
14CR1035; A169707

506 P3d 443

Defendant appeals a judgment of conviction for felony unlawful possession of methamphetamine, ORS 475.894. Defendant argues that the trial court erred by denying her motion to dismiss the criminal indictment against her because the prosecution was "commenced" with unreasonable delay under ORS 131.105 and ORS 131.135 so that the applicable three-year statute of limitations, as set-forth by ORS 131.125(8)(a), was exceeded. Defendant argues that the 57-month delay to execute the warrant was unreasonable because the only steps that the state took to execute the warrant were sending a letter informing defendant of her arraignment, which also stated that a "bench warrant will be issued" if she failed to appear, and then entering that warrant into law enforcement database systems after she failed to appear. Defendant also argues that the delay was unreasonable because she had lived at an address known by the state to be her residence within the State of Oregon for the entirety of the 57-month delay. *Held*: The trial court erred in concluding that the warrant was executed without unreasonable delay, given the length of the delay and the state's knowledge of defendant's in-state address.

Reversed.

Andrew E. Combs, Judge.

Andrew D. Robinson, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Dashiell L. Farewell, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Aoyagi, Judge.*

_____

* Egan, J., *vice* Armstrong, S. J.

EGAN, J.

Reversed.

**EGAN, J.**

Defendant appeals a judgment of conviction for felony unlawful possession of methamphetamine, ORS 475.894, asserting two assignments of error. In defendant's first assignment of error, she contends that the trial court erred by denying her motion to suppress because she was unlawfully stopped without reasonable suspicion. In defendant's second assignment of error, she contends that the trial court erred by denying her motion to dismiss the criminal indictment against her because the criminal action was executed with unreasonable delay under ORS 131.105 and ORS 131.135. We reverse on defendant's second assignment. Given the resolution of the case, we need not address defendant's first assignment of error.

In defendant's second assignment of error, she asserts that the state failed to "commence" her prosecution as required by ORS 131.105 within the three-year statute of limitation for a felony pursuant to ORS 131.125(8)(a). We review a trial court's determination that a criminal action was timely commenced under the statute of limitations for legal error, in light of the trial court's findings of fact, if there is evidence in the record to support them. *State v. Washington*, 266 Or App 133, 148, 337 P3d 859 (2014), *rev den*, 356 Or 767 (2015).

On March 10, 2014, the Coos Bay Police Department received a citizen complaint that there was some drug activity in a parking lot of a local grocery store. Officer Babb approached defendant, and after initially denying selling pills out of her van, defendant consented to a search of the van. During that search, Babb found methamphetamine and took defendant into custody. That same day, defendant was released after signing a "conditional release agreement" stating that she "will personally appear in the Circuit Court for the County of Coos, in Coquille, Oregon." Also, as a part of that agreement, she "acknowledge[d] that if [she] violate[d] ANY condition of this agreement, a warrant [could] be issued for [her] arrest and [she] may be prosecuted for FAILURE TO APPEAR or CONTEMPT OF COURT." (Uppercase in original; boldface omitted.)

Just over two months later, on May 14, defendant was indicted for unlawful possession of methamphetamine. On May 15, the state sent defendant a letter at defendant's Portland address. The letter informed defendant that she had been indicted and that a bench warrant would be issued if she failed to appear for her arraignment on June 20. Defendant received the letter. On June 20, defendant did not appear. On June 24, the court issued an arrest warrant. That warrant was entered into the Law Enforcement Database Systems (LEDS), but the record is silent as to whether it was served on defendant.

More than four years later, on September 25, 2018, a forest ranger who came into contact with defendant arrested her on the warrant. She was arraigned the next day.

Defendant filed two pretrial motions. As relevant here, defendant moved to dismiss the indictment because of the state's "failure to commence the prosecution * * * within the applicable three-year statute of limitations" of ORS 131.125(8)(a)[1] and ORS 131.135.[2] A hearing was scheduled.

During the hearing, the state presented testimony from Officer Babb. He stated that it is his practice to personally serve warrants when the address is in or near Coos Bay. However, Portland is too far for him to personally serve a warrant, and, thus, he did not personally serve defendant in this case. Babb also stated that although he will drive a little way outside of Coos Bay to serve warrants, it generally depends on "the severity of the case." For instance, if it is "a misdemeanor warrant" he would not have made as much of an effort as if it was "a felony person crime." The state presented no other witnesses. Defendant then testified that she had lived at her Portland address since before May 2014.

The state argued that the delay was reasonable under the totality of circumstances, because: (1) the May 15 letter put defendant on notice of her arraignment and the

_____

[1] As relevant here, ORS 131.125 states that prosecutions for felony offenses not listed elsewhere, a group that includes felony unlawful possession of methamphetamine under ORS 478.894, "must be commenced within" three years.

[2] ORS 131.135 states that "[a] prosecution is commenced when a warrant or other process is issued, provided that the warrant or other process is executed without unreasonable delay."

bench warrant that would be issued if she failed to appear; (2) the court issued a warrant, which was entered into statewide law enforcement databases; and (3) there were "limited means" by which the state could execute the warrant, but, because the warrant was entered into law enforcement databases, the state was still looking for defendant.

The court concluded that the warrant had been executed without unreasonable delay, as required by ORS 131.135. In reaching that conclusion, the court first found that defendant received the district attorney's letter, based on the presumption under OEC 311, that "[a] letter duly directed and mailed was received in the regular course of the mail." Thus, the court reasoned that the 57-month delay between defendant's indictment and the service of the warrant was either explained or justified. The court continued, reasoning that the warrant was executed without unreasonable delay because

> "defendant lived in Portland, Multnomah County, which is located approximately 200 miles from Coos Bay, Coos County, where the alleged crime occurred, and Coos Bay officers do not serve warrants outside of their immediate jurisdiction and have no control or authority over officers who execute warrants in the multitude of other jurisdictions that exist within the state of Oregon. And Defendant used to work 10 hours a day for six or seven days a week, so although defendant may have resided at the same address for at least the last 57 months, defendant was not physically present at that address for at least a significant portion of that time while she worked. The state entered the warrant into the statewide system, which allowed a forest ranger to determine that there was a warrant for defendant's arrest, and immediately upon her arrest, defendant was arraigned, with a trial date set shortly thereafter."

In sum, the court held that the state had established that the prosecution had commenced within the three-year time limitation as required by ORS 131.125(8)(a). Subsequently, defendant entered a conditional guilty plea, and this timely appeal followed.

Under ORS 131.105 "[a] criminal action must be commenced within the period of limitation prescribed in ORS 131.125 to 131.155." ORS 131.135 states that "[a]

prosecution is commenced when a warrant or other process is issued, provided that the warrant or other process is executed without unreasonable delay." The state concedes that the warrant was not executed until defendant was arrested, which took place 57 months after the issuance of the indictment. *See State v. Grierson*, 245 Or App 195, 201, 261 P3d 1269 (2011) ("[T]he defendant is deemed to consent to commencement of the prosecution as of the date of his or her appearance."); *State v. Barnes*, 66 Or App 896, 899, 676 P2d 344 (1984) ("In order to decide whether the delay in executing the warrant *** was reasonable ***, we examine any circumstances that may explain the passage [of time] between the issuance of the indictment and its execution."). Similarly, defendant does not contest that the warrant was "issued" by the court when she failed to appear. *See State v. Williams*, 232 Or App 303, 306, 222 P3d 31 (2009) ("Process, for purposes of initiating a court action against a person, is commonly understood to mean a warrant, summons, or writ, that is, a legal instrument that requires the person to appear in court to respond to a charge or complaint."). Thus, the issue before us is whether that warrant was "executed without unreasonable delay" as required by ORS 131.135 to "commence" the prosecution.

In determining whether a delay is "reasonable" for purposes of ORS 131.135, a trial court looks at the "totality of the circumstances." *State v. Hinkle*, 225 Or App 347, 351, 201 P3d 250, *rev den*, 346 Or 364 (2009). Under ORS 131.135, "the state must undertake reasonable efforts to avoid delay in the execution of a warrant." *State v. Huskey*, 171 Or App 550, 554, 17 P3d 541 (2000). In situations where the "state is aware of a defendant's location but fails to take any action to execute the warrant or other process, or takes only *de minimis* action, we have found the resulting delay to be unreasonable." *Washington*, 266 Or App at 150.

Here, the state took some action beyond what constitutes *de minimis* action. As noted, the trial court issued the arrest warrant, and officers in Coos County entered the warrant into LEDS. Although those officers did not take additional steps to execute the warrant, the act of "entering warrant information into the law enforcement computer systems [constitutes affirmative] action to further the

prosecution * * * presumably putting law enforcement agencies on notice of the outstanding warrant." *Hinkle*, 225 Or App at 353 (internal quotation marks omitted). Moreover, because "[s]tatutory time limitations for commencing criminal actions provide notice to the accused of the decision to prosecute and the general nature of the charge so as to allow the accused to prepare evidence and to minimize the prejudice produced by the passage of time," the letter informing defendant of her arraignment, in considering the totality of the circumstances, is a factor in considering whether the state took reasonable action. *Barnes*, 66 Or App at 898-99; *see also Hinkle*, 225 Or App at 352 (reiterating that *Barnes* relied, in part, on "the fact that the defendant had 'no actual notice of the indictment for three years and four months after the alleged offense'" in concluding that the delay was unreasonable).

Although the state's efforts are beyond what we consider to be *de minimis*, they are, nevertheless, insufficient in the circumstances of this case. Here, defendant had resided at the same address, within the State of Oregon, for the entire 57 months at issue. The state took no action beyond sending a letter informing defendant of her arraignment and that a "bench warrant will be issued" if she failed to appear and then entering that warrant into LEDS. Although defendant had resided at the same address, there is no evidence that officers in Portland attempted to execute the warrant at defendant's home address or took *any* action beyond those previously noted efforts.

In determining whether the state took reasonable efforts to avoid delay in the execution of a warrant, we will "'examine *any* circumstances that may explain' the delay." *Hinkle*, 225 Or App at 351 (quoting *Barnes*, 66 Or App at 899 (emphasis in original)). Those circumstances include evaluating what steps the state took to further the prosecution. *Barnes*, 66 Or App at 900 (concluding that "the state took no action to further the prosecution"). However, those circumstances must be within "such [a] length of time [that] may reasonably be allowed or required having regard to attending circumstances." *Id.* at 899. That is, here, we weigh the actions the state took to further the prosecution— sending the May 15 letter and then entering the warrant

into LEDS—against (1) the length of time that the state took to execute the warrant and (2) the fact that the state had knowledge of defendant's in-state address.

In first looking at the length of the delay, we begin by noting that the 57-month delay between the issuance of the warrant and the execution of the warrant is beyond what we have found to be unreasonable for an in-state defendant in other cases. *See id.* at 900 (concluding that the delay of two years and seven months for an in-state defendant was unreasonable for purposes of a two-year limitation period); *Huskey*, 171 Or App at 554-55 (concluding that the three year delay in executing the warrant was not reasonable for an in-state defendant for purposes of a two-year limitation period). Accordingly, the delay of 21 months beyond the statute of limitations weighs against the state.

Given the length of the delay and the state's knowledge of defendant's in-state address, the state's efforts were not reasonable. For instance, although the state sent a letter informing defendant of her arraignment, sending a letter does not necessarily mean that the state executed a warrant within a reasonable amount of time. *See Barnes*, 66 Or App at 900 ("[W]e decline to hold that sending a registered letter suggesting that a defendant surrender provides any excuse for failure to execute a warrant within a reasonable time."). Here, similar to *Barnes*, the letter was not effective service of process under ORCP 7 D. *Id.* ("The letter was not effective service of process under ORCP 7 D, and defendant was under no legal duty to pick up the registered letter.") Although notice of the arraignment is a consideration in concluding whether a delay is reasonable; here, a letter informing defendant that a warrant will be issued is not notice that the warrant was issued, nor is it an excuse to forgo efforts that are reasonable under the totality of the circumstances.

Moreover, although the state issued the warrant, it took no steps in either executing the warrant, attempting to execute the warrant, or informing defendant that a warrant was issued after the warrant had been issued.

By simply making some efforts, the state did not necessarily take "reasonable efforts" in executing the warrant.

Reasonable efforts, as relevant to this case, requires more than sending a letter informing defendant of the arraignment and entering the warrant into LEDS, when, throughout the 57-month delay defendant was in-state at a known address. *See Huskey*, 171 Or App at 554-55 (requiring the state to inquire with DMV, under the facts of that case, to see whether the defendant had provided a new address to DMV after the defendant's move). The state took *no action* once the warrant was entered into LEDS, and the failure to take any action for 57 months since the state entered the warrant into LEDS—21 months after the statute of limitations had run—when the state had knowledge of defendant's address and defendant was within the state was unreasonable. "The statutory time limitations contained in ORS 131.125 are specifically designed to prevent this type of protracted, haphazard prosecution." *Barnes*, 66 Or App at 900. Accordingly, we reverse.[3]

      Reversed.

---

[3] To the extent that the state argues that we affirm on the alternative basis that defendant showed no prejudice, we do not address that argument because neither party argued to the trial court that it was necessary for defendant to demonstrate prejudice in order to prevail at the trial court, nor did the trial court rely on that basis in coming to its conclusion. *See Huskey*, 171 Or App at 555-56 (declining to address that alternative basis, when it was not addressed by the trial court).